IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL J. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-109-GPM |
| | ) |
| ARGO PRODUCTS COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter came before the Court on November 13, 2006, for a hearing on Defendant's motion for summary judgment. For the following reasons and for those discussed on the record during the November 13th hearing, the motion is denied.

Plaintiff Michael Bell filed this action against his former employer, Argo Products Company, Inc. (Argo), for intentional interference with prospective economic advantage. In September 2000, Plaintiff signed an employment agreement with Argo. That agreement contains the following provision:

> The Employee shall not, at any time within one year from the termination of this Agreement, either solely or jointly with or as agent or employee for any other person, firm or company, directly or indirectly, carry on or be engaged, concerned or interested in carrying on, within a three hundred mile radius of the City of St. Louis, Missouri, any trade or business competitive with or similar to any trade or business carried on during the period of employment by the Employer.

(Doc. 18, Ex. A at ¶ 4.) Plaintiff resigned his employment with Argo in March 2005 and in May 2005 began employment with KMK Metal Fabricators, Inc. (KMK).

Plaintiff alleges that Defendant Argo purposely interfered with his reasonable expectation

of entering into and maintaining a business relationship with KMK when it contacted KMK about Plaintiff's employment agreement with Argo after Plaintiff had told Argo that his employment with KMK did not violate the terms of Paragraph 4. Specifically, Plaintiff alleges that Defendant induced KMK to terminate Plaintiff by claiming that Plaintiff was in violation of his employment agreement and/or threatening to take legal action against Plaintiff and KMK if Plaintiff's employment was not terminated. Defendant Argo contends that its actions were covered by the privilege of competition.

Under Illinois law, the elements of the tort of intentional interference with economic advantage are: (1) the plaintiff's reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful or intentional interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference. *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 398 (7th Cir. 2003), *citing Soderlund Bros., Inc. v. Carrier Corp.*, 663 N.E.2d 1, 7-8 (Ill. 1995). Defendant argues that Plaintiff cannot prove the third element of his claim – that Defendant's conduct was purposeful. Defendant claims that it merely made a truthful statement that was covered by the privilege of competition.

The privilege to engage in business and to compete "allows one to divert business from one's competitors generally as well as from one's particular competitors provided one's intent is, at least in part, to further one's business and is not solely motivated by spite or ill will." *Soderlund Bros.*, 663 N.E.2d at 8. A defendant may not claim the protection of the privilege of competition if it has employed a wrongful means or is motivated solely by malice or ill will. *Id*. at 10. As noted by the Court in *Cromeens*, whether justification and the privilege to compete is viewed as an affirmative defense or an element of the claim, the plaintiff must be able to demonstrate a genuine issue of

material fact on that point to survive summary judgment. *Cromeens*, 349 F.3d at 399. Thus, the Court finds the cases and the Restatement that treat the privilege as a defense instructive in this regard. *See generally Smith-Shrader Co., Inc. v. Smith*, 483 N.E.2d 283, 289-90 (Ill. App. Ct. 1985).

The Restatement of Torts enumerates four requirements necessary to claim the protection of the privilege of competition: (1) the business relation concerns a matter involved in the competition between the actor and the competitor; (2) the actor does not employ wrongful means; (3) the actor does not intend to create an illegal restraint of trade; and (4) the actor's purpose is at least partially to advance its interest in competing with its competitor. RESTATEMENT (SECOND) OF TORTS § 768 (1979). The privilege does not apply when the actor is interfering with business that does not relate to competition with the actor. *Id*. at cmt. d. Here, Plaintiff claims that Defendant Argo knew or should have known that Argo and KMK were not competitors. Argo claims that it was communicating with KMK to determine whether they were competitors. It is not clear from the record, nor was it clear during the hearing, what Argo and KMK produce and whether they were competitors at the relevant time. The possibility that they could be competitors in the future is not enough for Argo to avail itself of the privilege of competition. *See generally Chanay v. Chittenden*, 563 P.2d 287 (Ariz. 1977) (the actor must be a competitor of the other when the alleged interference takes place, not at some future time, to be protected by the privilege of competition). Therefore, a genuine issue of material fact exists whether Argo and KMK were competitors such that Argo may avail itself of the privilege.

The Restatement also sets out factors to consider in determining whether the interference was improper: (a) the nature of the actor's conduct; (b) the actor's motive; (c) the interests of the other with which the actor's conduct interferes; (d) the interests sought to be advanced by the actor; (e) the

social interests in protecting the freedom of action of the actor and the contractual interests of the other; (f) the proximity or remoteness of the actor's conduct to the interference; and (g) the relations between the parties. RESTATEMENT (SECOND) OF TORTS § 767 (1979). Conduct specifically in violation of statutory provisions or contrary to established public policy may for that reason make an interference improper. *Id*. at cmt. c. For example, conduct that unlawfully restrains trade would be improper interference. *Id*. In this case, Paragraph 4 likely is an unenforceable covenant not to compete and, therefore, Argo's attempt to enforce it could constitute conduct contrary to the established public policy against unfair restraint of trade, and as such be deemed improper interference.[1] In fact, Plaintiff's position is that Argo attempted to not only limit Plaintiff's conduct through the employment agreement but, in fact, attempted to limit KMK's business potential if it persisted in employing Plaintiff. Under the Restatement commentary, a breach of a contract that was an unfair restraint of trade may be justified. *Id*. at cmt. e. By logical extension, then, the converse would be true: a restraint on trade clause that is unenforceable may make an otherwise justified interference, unjustified.

For these reasons, Plaintiff has demonstrated a genuine issue of material fact on the third element of his claim, *i.e.*, purposeful or intentional interference by Argo. Accordingly, Defendant's motion for summary judgment (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 12/07/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

---

[1] The parties have not asked the Court to make a definitive ruling as to the enforceability of Paragraph 4 of the employment agreement.